IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GAS TRANSMISSION NORTHWEST, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>POST FALLS STORAGE SOLUTIONS, LLC, NORTHWEST GRADING, INC., and WILLIAM J. KRICK,<br><br>  Defendants. | Case No. 2:23-cv-00402-BLW<br><br>**TEMPORARY RESTRAINING ORDER** |

THIS MATTER came before the Court on Plaintiff Gas Transmission Northwest, LLC's ("GTN") *ex parte* Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") against Defendants Post Falls Storage Solutions ("PFSS"), Northwest Grading, Inc. ("Northwest Grading"), and William J. Krick ("Krick"), collectively, "Defendants" (Dkt. 2).

The Court, having considered GTN's *ex parte* Motion for Temporary Restraining Order and Preliminary Injunction and Memorandum in Support, and being otherwise fully advised, hereby **FINDS** as follows:

TEMPORARY RESTRAINING ORDER-1

1.     GTN has moved the Court to issue a temporary restraining order enjoining Defendants from further violating GTN's right-of-way easement ("ROW") on the certain parcel of land number 51N05W305920, tract I-KO-146 at the address 7778 Corn Maze Way in Hauser, Idaho.

2.     GTN's Motion and Memorandum in Support thereof assert that GTN owns and operates three underground natural gas pipelines ("Pipelines") that run through the ROW, and that GTN's operation of the Pipelines in the ROW is pursuant to a ROW Agreement ("Agreement") that guarantees to GTN the "full enjoyment of the rights" granted by the Agreement and prohibits the Property owner, Defendants, from constructing obstructions on the ROW or substantially adding to the ground cover over the Pipelines.

3.     GTN's Motion and Memorandum in Support thereof further assert that Defendants have on multiple occasions operated heavy equipment on top of the Pipelines with knowledge of the location of the Pipelines and without coordinating with GTN to conduct an engineering analysis or otherwise.

4.     GTN's Motion and Memorandum in Support thereof additionally assert Defendants have covered the Pipelines and nearly the entire width of

the ROW with hundreds of thousands of pounds of rock, dirt, and gravel, again with knowledge of the location of the Pipelines.

5. GTN has filed a Motion for Temporary Restraining Order and Preliminary Injunction and requests a hearing on this matter.

6. Rule 65(b) of the Federal Rules of Civil Procedure provides that the Court may issue a temporary restraining order if (A) "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (B) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

7. Rule 65(c) of the Federal Rules of Civil Procedure further provides that the Court may issue a temporary restraining order "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."

8. The Court finds that the substantial covering of the Pipelines with a significant mound of dirt, rocks, and gravel, which threatens the integrity of the Pipelines and interferes with GTN's ability to access, maintain, and adequately protect the Pipelines, is an immediate and irreparable injury that can be avoided only by the entry of an *ex parte*

temporary restraining order issued before a hearing may be had on GTN's Motion for a preliminary injunction.

9. GTN's attorney, Mary V. York, has certified in writing and through exhibits that GTN has made efforts to notify Defendants of this impending action, and that Defendants' refusal to cease their activities in the ROW despite GTN's demands provide a basis for entry of a Temporary Restraining Order without further notice.

10. The Court therefore finds that there is cause to issue this order without prior notice to Defendants to ensure the integrity of the Pipelines and prevent irreparable injury, loss, or damage to GTN and public safety.

**IT IS HEREBY ORDERED AND DECREED THAT:**

1. Defendants shall not in any way add to or remove from the ground cover in the ROW without GTN's approval, pending a determination on the merits of GTN's Motion.

2. As a condition precedent to the effectiveness of this Order, GTN shall post security in the amount of $10,000.

3. GTN shall serve Defendants with copies of (1) the complaint, (2) the *ex parte* application for a temporary restraining order, including all supporting documents and declarations; and (3) a copy of this Order, within 24 hours of the issuance of this Order.

4. This Temporary Restraining Order will **EXPIRE** at 12:00 p.m. (Pacific Time) on September 28, 2023, unless otherwise dissolved or extended by this Court.

A preliminary injunction hearing on this matter is set for **September 26, 2023, at 10:00 a.m. (Mountain Time)**. The hearing shall be conducted via Zoom videoconference. Court staff will provide a Zoom link to counsel before the hearing. Any response to the application and entry of a preliminary injunction shall be filed and served 48 hours before the hearing.

**This Temporary Restraining Order is issued at 2:42 p.m. (Mountain Time) on September 14, 2023.**

DATED: **September 14, 2023**

B. Lynn Winmill
U.S. District Court Judge